IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBITRON INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| DIGIMARC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Arbitron Inc. ("Arbitron"), by and through its attorneys, files the following Complaint for Declaratory Relief against Digimarc Corporation ( "Digimarc"), and in support thereof, alleges as set forth below:

## NATURE OF ACTION

1.      This action is for a declaratory judgment of invalidity and non-infringement of U.S. Patent Nos. 5,636,292, 6,122,392, 6,542,620, 6,647,129, 6,778,682, 6,983,051, 7,113,614, 7,181,022 and 7,536,555 (collectively, the "Digimarc Patents").

## THE PARTIES

2.      Arbitron Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 9705 Patuxent Woods Drive, Columbia, Maryland, 21046-1572.

3.      On information and belief, Digimarc Corporation is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 9405 SW Gemini Drive, Beaverton, Oregon, 97008-7192.  According to its website, Digimarc's primary business is licensing its intellectual property portfolio in the fields of digital watermarking and content identification.

## JURISDICTION AND VENUE

4.     This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103 and 112.  Based on the allegations set forth in this Complaint, there is an actual controversy between Arbitron and Digimarc with respect to the validity and infringement of the Digimarc Patents.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6.     On information and belief, Digimarc is subject to the personal jurisdiction of this Court because Digimarc is incorporated under the laws of Delaware and has designated an agent for service of process in Delaware.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## BACKGROUND

### I.     ARBITRON'S PPM TECHNOLOGY

8.     Arbitron is a media and marketing research firm whose core business includes measuring network and local market radio audiences and publishing radio listening estimates based on those measurements.

9.     Since 1965, Arbitron's core business has been to provide high-quality, comprehensive audience estimates to the radio industry. Arbitron's radio audience estimates have permitted radio stations to price and sell advertising time, and advertising agencies and large corporate advertisers to purchase advertising time. The Arbitron ratings have also become a valuable tool for use in radio programming, distribution and scheduling decisions.

10.     One of the ways Arbitron obtains data regarding radio listening is through use of its Portable People Meter ("PPM").  The PPM™ detects an inaudible code embedded in radio broadcasts through an Arbitron-developed technique known as Critical Band Encoding Technology ("CBET").  When a participant in an Arbitron survey who is carrying the PPM is present to hear a radio broadcast, the PPM automatically senses the code embedded in the broadcast that identifies what the participant has heard and notes the date and time of that broadcast.  At the end of each day, the participant places the PPM into a docking station that transmits that day's listening data from the PPM to Arbitron's central office by way of a phone line.

11.     Arbitron has spent over 20 years and millions of dollars developing and acquiring the technology associated with the PPM, including CBET.  As part of this development, Arbitron has been granted over 15 U.S. Patents relating to audio encoding and monitoring technology, several of which date back to the early 1990's.

## II.     DIGIMARC'S LETTER TO ARBITRON

12.     On or about July 15, 2009, Digimarc's Chairman and Chief Executive Officer, Bruce Davis, sent a letter (the "Digimarc Letter") to Arbitron's President and CEO, Michael Skarzynski, alleging that Arbitron's CBET technique infringes the Digimarc Patents, and that certain improvements to CBET which "enabled [Arbitron's] successful commercialization [of PPM] may require a license from Digimarc."  According to the Digimarc Letter, Digimarc alleges that it has successfully litigated a number of infringement actions in the past and threatens, absent negotiation of a simple license or more comprehensive business relationship, to pursue patent litigation against Arbitron.  A true and correct copy of the Digimarc Letter is attached as Exhibit A.

13.     The Digimarc Letter attaches claim charts that detail how Arbitron's PPM allegedly infringes the Digimarc Patents.  Identified in these claim charts are U.S. Patent Nos. 5,636,292, 6,122,392, 6,542,620, 6,647,129, 6,778,682, 6,983,051, 7,113,614, 7,181,022 and 7,536,555 (as noted above, the "Digimarc Patents").  True and correct copies of the Digimarc Patents are attached as Exhibits B through J, respectively.

14.     On information and belief, as of the filing of the Complaint, Digimarc holds all rights, title and interest in the Digimarc Patents.

15.     An actual and justiciable controversy exists between Arbitron and Digimarc as to whether the Digimarc Patents are valid and infringed.  In view of the uncertainty resulting from the allegations of infringement contained in the Digimarc Letter, Arbitron has a reasonable apprehension of imminent harm that is sufficient to warrant issuance of a judgment that the Digimarc Patents are invalid and/or not infringed by Arbitron.

## COUNT I
### (Declaratory Judgment Of Invalidity Of The Digimarc Patents)

16.     Arbitron repeats and realleges each and every allegation contained in paragraphs 1-15 as if fully set forth herein.

17.     On information and belief, each of the Digimarc Patents is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

18.     An actual, substantial and immediate controversy exists between Arbitron and Digimarc as to whether the claims of the Digimarc Patents are valid.

19.     Arbitron is therefore entitled to a declaration that the Digimarc Patents are invalid.

## COUNT II
### (Declaratory Judgment Of Non-Infringement Of The Digimarc Patents)

20.    Arbitron repeats and realleges each and every allegation contained in paragraphs 1-19 as if fully set forth herein.

21.    Arbitron has not infringed and does not infringe any valid asserted claim of the Digimarc Patents.

22.    An actual, substantial and immediate controversy exists between Arbitron and Digimarc as to whether the use, making, sale or offering for sale of Arbitron's PPM product infringes any valid claim of the Digimarc Patents.

23.    The Digimarc Letter to Arbitron alleging infringement of the Digimarc Patents demonstrates sufficient immediacy of the controversy to warrant issuance of a declaratory judgment.

24.    Arbitron is therefore entitled to a declaration that it does not infringe, literally or under the doctrine of equivalents, directly or indirectly, by inducement or contribution, any valid claim of the Digimarc Patents.

## PRAYER FOR RELIEF

WHEREFORE, Arbitron respectfully requests:

A.    a Declaratory Judgment that the Digimarc Patents are invalid;

B.    a Declaratory Judgment that Arbitron has not infringed and does not infringe any claim of the Digimarc Patents either literally or under the doctrine of equivalents, directly or indirectly, or by inducement or contribution;

C.    a Judgment enjoining Digimarc, its agents, licensees, servants, employees, and/or attorneys from asserting or continuing infringement litigation, from otherwise participating or assisting in infringement litigation, and from threatening Arbitron or any of its

customers, dealers, agents, licensees, servants, or employees with infringement litigation, or

charging any of them, either verbally or in writing, with infringement of the Digimarc Patents;

       D.    a Judgment declaring this to be an exceptional case within the meaning of

35 U.S.C. § 285 and awarding Arbitron its reasonable attorneys' fees, expenses, and costs in this

action; and

       E.    such other further and different relief as the Court deems just and proper.

                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                      */s/ Julia Heaney (#3052)*

                      _____

                      Julia Heaney (#3052)
                      1201 N. Market Street
                      P.O. Box 1347
                      Wilmington, DE  19899-1347
                      (302) 658-9200
                      jheaney@mnat.com
                        *Attorneys for Plaintiff, Arbitron Inc.*

OF COUNSEL:

Alfred R. Fabricant
Lawrence C. Drucker
Peter Lambrianakos
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY  100109-6708

Gianni Minutoli
Matthew B. Weinstein
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC  20006-5403

James Derry
Arbitron Inc.
9705 Patuxent Woods Drive
Columbia, MD  21046-1572

August 13, 2009
3068877